**Opinion filed May 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00145-CR
_____

## BURNELL JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR40141**

### MEMORANDUM OPINION

Burnell Jackson, Appellant, filed an untimely pro se notice of appeal from his conviction for the offense of felony driving while intoxicated. Counsel was appointed to represent Appellant on appeal. We dismiss the appeal.

The clerk's record indicates that Appellant's sentence was imposed on February 27, 2013, and that his pro se notice of appeal was filed in the district clerk's office on April 8, 2013. When the appeal was filed in this court, we

notified Appellant by letter that the notice of appeal appeared to be untimely. We requested that Appellant respond on or before May 20, 2013, and show grounds to continue this appeal. We also informed him that the appeal may be dismissed for want of jurisdiction. Appellate counsel has filed a response in which he agrees that this court lacks jurisdiction to entertain an appeal at this time.

Appellant did not file a motion for new trial. Therefore, pursuant to TEX. R. APP. P. 26.2, his notice of appeal was due to be filed within thirty days after the date that his sentence was imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The clerk's record in this case reflects that Appellant's notice of appeal was filed with the clerk of the trial court forty days after sentence was imposed and was, therefore, untimely. For an extension, TEX. R. APP. P. 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Appellant did not file a motion for extension. Appellate counsel notes that he was appointed after the time had passed to file an extension. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

May 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2